## SHROPSHIRE et al. *v.* RUSSELL.

A sequestration will be allowed to issue only where the party is clearly entitled to it.

In an action by one partner against another to compel him to account for and pay over the share of his co-partner in profits alleged to belong to the firm, plaintiff is not entitled to a sequestration.

Profits made by a partner in the purchase and sale of merchandize, in which his co-partners are entitled to share, are not subject to any privilege in favor of the latter.

Privileges are *stricti juris,* and are only allowed where the lawgiver has expressly awarded them.

SHROPSHIRE *v.* RUSSELL.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. C. A. Jones, and *Grymes*, for the appellants. *Benjamin* and *Micou*, for the defendant. The judgment of the court was pronounced by

SLIDELL, J. There was much cogency in the argument of the learned counsel of the plaintiffs upon the point made, that where one partner lays hold of the partnership property, asserts it to be his sole and separate property, and detains it as such, a sequestration may issue at the suit of the other partners. The strong inclination of our minds is to the recognition of that doctrine ; but, on a careful consideration of the affidavit for sequestration, we find that the point is not necessary to be decided. A party who applies for the stringent remedy of sequestration must, as in the remedy of attachment or arrest, present a case clearly entitling him under the Code and statutes to that process. The allegations of the plaintiffs' affidavit, upon which the sequestration must rest, are confused. Some of its allegations, perhaps, point obscurely to the social ownership of the fund to be sequestered, but, in the main, they treat it as a fund under the control of *Russell*, upon which the plaintiffs allege themselves to have a privilege, and for a portion of the amount of which they allege he is their debtor. The affidavit is positive that he is indebted to them in the sum of $8,000. This sum is the alleged amount of the plaintiffs' social share of the profits upon corn bought by *Russell*, and which profits are alleged to have accrued under such circumstances as entitled the partnership to an account and the benefit of them. The case is not, therefore, that of a partnership sequestering property belonging to the firm, and unjustly claimed and detained as his own exclusive property by another partner; but a suit against the unfaithful partner to compel him to account for and pay over the shares of his partners, in profits of which he is alleged to be a trustee for the firm. As to the allegation of the affidavit that the plaintiffs have a *privilege* upon the fund constituting those profits, and then lying in the hands of *McGregor* and others, *Russell's* factors, we know of no provision of our Code creating such a *privilege*, technically speaking. It is well settled that privileges are *stricti juris*, and are only allowed in those cases where the lawgiver has expressly accorded them.

What would have been our opinion as to the right to sequester if the affidavit really presented such a case as was assumed by the plaintiffs' counsel in argument, it is unnecessary to say conclusively ; nor do we wish to be understood as saying that, the remedy of injunction would not have been available on this occasion. We confine ourselves to a concurrence in the opinion of the district judge, who, while he expressed his regret that he could not hold on to the sequestration, decided that it was improperly issued.

The decree of the District Court dissolving the sequestration is therefore affirmed with costs.